**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

|  |  |
|---|---|
| PUSHPAMALAR SATCHITHANANTHAN, | No. 07-71981 |
| Petitioner, | Agency No. A079-784-814 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Pushpamalar Satchithananthan, a native and citizen of Sri Lanka, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying her

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument and therefore Satchithananthan's request for oral argument is denied.  *See* Fed. R. App. P. 34(a)(2).

NED/Research

motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008), and we deny the petition for review.

The BIA did not abuse its discretion in denying Satchithananthan's motion to reopen as untimely where the motion was filed over three years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Satchithananthan failed to establish changed circumstances in Sri Lanka to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi*, 538 F.3d at 996-97 (underlying adverse credibility determination rendered evidence of changed circumstances immaterial). The evidence of changed circumstances was also insufficient to establish a prima facie case for relief under the Convention Against Torture. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010); *see also Toufighi*, 538 F.3d at 996 (petitioner must "demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought.").

Satchithananthan's contention that the BIA failed to consider the evidence submitted with the motion to reopen fails, because she has not overcome the

presumption that the BIA reviewed the record.  *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.2006).

Finally, Satchithananthan's request for judicial notice is denied.  *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (this court's review limited to administrative record).

**PETITION FOR REVIEW DENIED.**